UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>BRANDON FARLEY, )<br> )<br>   Defendant. ) | No. 6:23-CR-13-REW-HAI<br><br>ORDER |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court must consider the Recommended Disposition, *see* DE 59, of United States Magistrate Judge Hanly A. Ingram, addressing whether Defendant Brandon Farley is competent to stand trial under 18 U.S.C. § 4241. *See* DE 43 (Defendant's Motion); DE 58 (Minute Entry for Competency Hearing). The Court previously found Farley competent to stand trial after a full evaluation and a thorough assessment of the findings by Judge Ingram. *See* DE 38 (Order). After intervening changes in Farley's mental state, his counsel moved again for a competency evaluation. *See* DE 43. After conducting a hearing, Judge Ingram granted the motion and ordered a second competency evaluation. *See* DE 49 (Minute Entry); DE 50 (Order). Dr. Lisa Bellah, Ph.D., a Licensed Psychologist, conducted a custodial evaluation. *See* DE 57 (Sealed Psychiatric Report, with CV). Dr. Bellah concluded that Farley is not currently competent to stand trial. *See id*. at 10. That is the only subject matter at issue in this Order.

With Dr. Bellah's report available to the parties, Judge Ingram conducted a competency hearing. *See* DE 58 (Minute Entry). The parties stipulated to the admissibility of Dr. Bellah's report, her conclusions, and her qualifications. *See id*. at 1; DE 59 at 1. Upon completing that hearing, Judge Ingram recommended that the Court find that Farley "is presently suffering from a

1

Case: 6:23-cr-00013-REW-HAI   Doc #: 61   Filed: 06/04/24   Page: 2 of 4 - Page ID#: 212

mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense per § 4241(d), and that Defendant be committed to the custody of the Attorney General for treatment at a suitable facility." *See* DE 59 at 7. Judge Ingram noted that neither party objected to Dr. Bellah's findings. *See id*. at 4. Defense counsel stated that the report was consistent with her observation and interactions with Farley. *See id*. The recommendation, filed on May 23, 2024, advised the parties that they must file any objections within five (5) business days of its entry. *See id*. at 8. The objection period has lapsed, and neither party has objected. Judge Ingram correctly stated the standard and questions presented, and he followed the proper procedures under § 4241 and § 4247.

    This Court reviews *de novo* those portions of the Recommended Disposition to which a party objects. 28 U.S.C. § 636(b)(1). But the Court is not required to "review . . . a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommendation, they waive any right to review. *See* Fed. R. Civ. P. 59; *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party that fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

    The Court has assessed the full record and Judge Ingram's thorough recommendation. His recommendation relies significantly on Dr. Bellah's unopposed report. *See* DE 59 at 3-6. That detailed report applied the *Dusky* and statutory standards faithfully, finding that "Mr. Farley

2

currently presents with symptoms of a mental disease or defect that are impairing his ability to understand the nature and consequences of the proceedings against him or to properly assist in his defense." *See* DE 57 at 10. To reach her conclusion, Dr. Bellah conducted several collateral interviews with Farley's counsel, his mother, and BOP staff; she also reviewed records and observed Farley's behavior at FMC Fort Worth. *See id*. at 3, 6. Farley was unable to participate in "formal psychological test measures" due to his placement on suicide watch. *See id*. at 3. Dr. Bellah carefully walked through the factual and rational arms of *Dusky* and made nuanced points on Farley's problems or status relative to the competency standard. Her expert analysis stands alone, at the relevant point in time, in the record.

Ultimately, Dr. Bellah determined that Farley suffers from Major Depressive Disorder, Recurrent episode, Severe with psychotic features. *See* DE 57 at 9. Dr. Bellah found that Farley presented with several symptoms, consistent with Major Depressive Disorder, which "cause clinically significant distress or impairment in social, occupational, or other important areas of functioning." *See id*. at 10. Dr. Bellah also found that "[w]hile it is possible that Mr. Farley was malingering or at some point exaggerating the severity of his psychiatric symptoms, prolonged daily observation suggests he also meets criteria for a mood-related disorder, with his current presentation most consistent with depression." *See id*. at 9. Dr. Bellah concluded without equivocation that "Mr. Farley is not currently competent to proceed with resolution of his criminal case." *See id*. at 10.

In light of Dr. Bellah's report, and Judge Ingram's analysis, the Court agrees and finds that Farley is currently incompetent to proceed to trial. The defense stipulated to the report and its findings. *See* DE at 1. Judge Ingram received no contrary information. *See id*. at 4. The lone supported conclusion under the statute is a finding of incompetency.

Accordingly, the Court **ADOPTS** the Recommended Disposition, *see* DE 59, and **FINDS, by a preponderance and per 4241(d),** Farley currently incompetent to face further proceedings in this matter, including trial. Per Dr. Bellah's report and Judge Ingram's recommendation, Farley shall be hospitalized in the custody of the Attorney General for treatment at a suitable facility. Judge Ingram shall enter appropriate orders directing transport to the designee facility; he shall further administer the subsequent steps and hearings called for in the restoration context, entering such orders and a recommended disposition warranted by the future course.

The trial in this matter was previously continued generally. *See* DE 51 (Order). The general continuance shall continue while Farley is receiving treatment. This time is excluded from the STA clock, per 18 U.S.C. § 3161(h)(4).

This the 4th day of June, 2024.

Signed By:
*Robert E. Wier*
United States District Judge