UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:23-CR-13-REW-HAI |
| v. ) | |
| ) | ORDER |
| BRANDON FARLEY, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Before the Court is United States Magistrate Judge Hanly A. Ingram's Recommended Disposition regarding Defendant Brandon Farley's competency to stand trial under 18 U.S.C. § 4241. *See* DE 84 (Recommended Disposition). This is Farley's third competency evaluation. The first found him competent to proceed, *see* DE 38, and the second incompetent. *See* DE 61. Because of this latter finding, Farley was transferred to FMC Butner on October 1, 2024, to undergo a competency restoration evaluation. *See* DE 76. On February 27, 2025, Dr. Lashawn Freeman, a licensed psychologist, submitted a comprehensive evaluation in which she concluded that Farley was "malingering" and feigning or exaggerating symptoms, and that he was competent to proceed to trial. *See* DE 74 at 13–14, 17–18; DE 84 at 5.

With Dr. Freeman's report available to both parties, Judge Ingram conducted a competency hearing on March 10, 2025. *See* DE 81 (Minute Entry). At the hearing, where Dr. Freeman testified in support of her report, the parties stipulated to the admissibility of Dr. Freeman's report and acceded to her conclusions and her qualifications. *See* DE 84 at 7. The parties also waived introduction of any other proof or argument. *See id.* Upon completing that hearing, Judge Ingram sifted the standards and concluded that Farley is "able to understand the nature and consequences

1

of the proceedings against him and to assist properly in his own defense." He therefore recommended that the Court "find that Defendant is competent to face further proceedings in this matter." *Id.* at 10. In reaching this conclusion, Judge Ingram correctly stated the standard and questions presented, and he followed the proper procedures under §§ 4241 and 4247. Judge Ingram further advised the parties that they must file any objections to the Recommended Disposition within five (5) business days of its entry, and that failure to object would waive the right to further review. *See id.* at 11. The objection period has now lapsed without objection from either party.

In considering a magistrate judge's recommendation, the Court must review *de novo* any "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C. § 636(b)(1). An objecting party faces the affirmative "duty to pinpoint those portions of the [magistrate judge's] report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citation and quotation marks omitted). But the Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[Defendant] simply *failed to file* an objection to the magistrate judge's R & R denying qualified immunity. That is forfeiture, not waiver.") (emphasis in original).

The Court has considered the Recommended Disposition, as well as the entire record and relevant authority, and agrees with Judge Ingram's careful analysis and conclusions, substantively

and procedurally. The lack of proper objection forfeits further review, and the Court accordingly **ORDERS** as follows:

1. The Court **ADOPTS** DE 84 and **FINDS** Farley competent to face further proceedings in this matter, including trial.

2. The parties **SHALL** file a joint report by **April 18, 2025**, indicating trial readiness, trial length, any time needed for full preparation, and any other status matter of note. The Court will then reset the trial date. The STA clock remains tolled until the date of trial.

This the 4th day of April, 2025.

Signed By:
*Robert E. Wier*
United States District Judge