UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:23-CR-13-REW

UNITED STATES OF AMERICA                                    PLAINTIFF

V.          MEMORANDUM ADDRESSING
            UNRESOLVED GUIDELINE OBJECTIONS

BRANDON FARLEY                                              DEFENDANT

* * * * *

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objection to the Presentence Investigation Report ("PSR") that affect the guideline calculations. As discussed in more detail below, it is the position of the United States that an offense level increase under U.S.S.G. §3A1.1(b)(1) involving a vulnerable victim is warranted in this case.

Farley's sole remaining objection is to the application of a two-level increase pursuant to U.S.S.G. §3A1.1.[1] In Farley's Presentence Investigation Report, the probation officer assessed a two-level increase because Farley knew or should have known that his minor victim was a vulnerable victim. U.S.S.G. 3A1.1(b)(1) allows for a two-level increase "if the defendant knew or should have known that a victim of the offense was a vulnerable

---

[1] Farley initially lodged an objection to the probation officer's assessment that Count 1 and Count 2 should not be grouped pursuant to U.S.S.G. §3D1.2(b). Farley's counsel has since communicated to the undersigned that Farley believes his objection is unsustainable. This position is also reflected in Farley's sentencing memorandum [*See* R. 130].

victim." Application Note #2 clarifies that a vulnerable victim means "a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under §1B1.2 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. §3A1.1, n. 2.

The probation officer explained in the report that the enhancement was applied because "V1 was unusually vulnerable as a result of her home life i.e., her father was in jail and her mother was a drug user." Indeed, the minor victim testified at trial that her father was in jail and, at the time of the offenses, her mother was using drugs. In fact, the minor victim was living with Farley in an effort to get away from those issues.

Though the undersigned was unable to locate a case directly on point, the enhancement should nonetheless apply. Courts have held that cases involving drug addiction of a victim can trigger the enhancement. In the case at bar, the minor victim was not herself a drug addict, but the reason for applying the enhancement in a parental drug addiction situation is similar. "Drug addiction, standing alone, cannot serve as the basis for applying the [vulnerable victim] enhancement." *United States v. Volkman*, 797 F.3d 377, 398 (6th Cir. 2015). If, however, the victim is vulnerable due to drug addiction and additional traits or circumstances, then application of the enhancement is appropriate. *Id*. at 398-99. The minor victim in this case was particularly susceptible because of her mother's addiction. The victim's mother was unable, due to drug use, to properly care for the victim, leading directly to the victim going to live with Farley. Courts have held that a defendant is not required to "target" the victims because of their vulnerability. *United*

*States v. Brawner*, 173 F.3d 966, 973 (6th Cir. 1999). But, the vulnerability, in this case her mother's drug addiction and her father's incarceration, led the victim directly to Farley's home. Courts have found similar circumstances warrant the enhancement under §3A1.1(b)(1). See *United States v. Willoughby*, 742 F.3d 229, 241 (Upholding a district court's finding that a minor victim was especially vulnerable because she was a homeless runaway with a history of abuse and neglect.).

Farley also obliquely argues that the application of the §3A1.1(b)(1) enhancement would be double counting since other enhancements also apply, namely those enhancements under §2G2.1(b)(1)(B) and §2G2.1(b)(5). Those enhancements, which apply because of the victim's age and the Defendant's status as her caregiver respectively, deal with separate harms than those contemplated by §3A1.1(b)(1). Application of the "vulnerable victim" enhancement implicates the vulnerability of the victim herself, regardless of her age or the Defendant's relationship to her. Its application is appropriate and not double counting under these facts.

## CONCLUSION

For the aforementioned reasons, and those to be further discussed at the sentencing hearing, it is the position of the United States that Brandon Farley's presentence report is correct, and the enhancement to his offense level contained therein is properly calculated.

Respectfully submitted,

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

By: <u>s/ Justin E, Blankenship</u>
Justin E. Blankenship
Assistant United States Attorney
601 Meyers Baker Rd., Suite 200
London, KY 40741
(606) 864-5523
Justin.blankenship2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2025, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to all counsel of record.

s/ *Justin E. Blankenship*
Assistant United States Attorney
