UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION – LONDON
*** Electronically Filed ***

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br>v.<br><br>BRANDON FARLEY,<br><br>Defendant. | CASE NO. 6:23-CR-13-REW<br><br>Hon. U.S. Dist. Judge Robert E. Wier<br><br>DEFENDANT BRANDON FARLEY'S SENTENCING MEMORANDUM AND REQUEST FOR A DOWNWARD VARIANCE |

Through counsel, Defendant Brandon Farley respectfully submits this Sentencing Memorandum setting forth the factors this Court should consider in determining what sentence is sufficient, but not greater than necessary to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

## INTRODUCTION

Mr. Brandon Farley is forty-two years old. He was convicted by a jury on September 4, 2025 for violating 18 U.S.C. § 2251(a) (Count One and Count Two). The United States Probation Office calculated a total offense level 43 with a Criminal History Category I, making his Guideline range of imprisonment 720 months. At his sentencing hearing, the undersigned anticipates arguing for a downward variance to a sentence of 360 months imprisonment.

**History and Characteristics of the Defendant and Needed Programming**

Brandon Farley grew up in poverty and his father was an alcoholic and prescription pain pill addict. His father was physically abusive to Brandon. Brandon said

"my dad would stomp my guts out." He was also abusive to Brandon's mom. He remembers one incident clearly. Standing in front of the car in a remote location, his father grabbed her hair and held a gun to her head. He threatened to kill her. Brandon and his siblings were inside the car crying, screaming, and pleading. His father then threatened to kill them too.

Brandon recalls one time when he walked into his parents' bedroom and found his father sexually victimizing his mother. His father then moved in a male paramour but would not allow Brandon's mother to move out despite his blatant extra-marital affair. She was told she would never see her children again. Brandon was bullied at school because of his father's affair.

Brandon stayed as often as he could with his grandparents. He felt safe there, but his entire childhood was traumatic. He was sexually victimized by an older babysitter. That abuse lasted from the third grade to approximately the fifth grade. This was not reported to anyone by Brandon and he has never received any type of treatment. His childhood was unpredictable, unsafe and emotionally destructive. His parents eventually divorced but the untreated childhood trauma severely impacted Brandon mentally and emotionally. He began drinking beer and moonshine when he was fourteen years old.

He also smoked marijuana as a teenager and abused prescription pain pills when he was younger. He admits to being an alcoholic and said he was drinking several cases of beer and three quarts of moonshine per week by the time he was arrested. During his 2023 evaluation in at FMC Lexington he was diagnosed with Alcohol Use Disorder in Sustained Remission and features of Borderline Personality Disorder.

Brandon dropped out of school after completing the eleventh grade. He wants to obtain his GED. He worked consistently in the coal mines for fifteen years before his arrest. He is divorced and has a close relationship with his two daughters and hopes to remain close with them during his incarceration.

Brandon suffers from depression and he has attempted suicide in the past. In February 2024, he was placed on suicide watch at Laurel County Detention Center. He had refused to eat for several days, and he portrayed paranoid and delusional behavior. He was evaluated by FMC Fort Worth and the examiners concluded he suffered from major depressive disorder, recurrent episode, severe with psychotic features. Malingering was not ruled out. Brandon then proceeded to the restoration process, and the evaluators at FMC Butner concluded he was competent and malingering. Despite those findings, he would certainly benefit from mental health treatment and counseling while incarcerated.

**Nature and Circumstances of the Offense, Seriousness of the Offense, Respect for the Law, Just Punishment, Deterrence to Criminal Conduct, Protection of the Public from Further Crimes of Defendant**

The nature and circumstances of this crime is extremely serious with substantial harm caused to the victim. Mr. Farley exercised his constitutional right to proceed to trial and was convicted by a jury. He plans to appeal the conviction and sentence. He is also facing significant penalties on the state level. With this federal sentence and potential state sentence, it is very likely that Mr. Farley will spend the rest of his life (or most of it) in prison. He will be released as an elderly man even if this Court grants the requested downward variance. The requested sentence, especially when combined with a lengthy period of supervised release, addresses the need to reflect the seriousness of the offense,

promotes respect for the law, protects the public, and provides just punishment. It also avoids unwarranted sentencing disparities as shown by the JSIN data.

JSIN considers sentences greater than 470 months imprisonment at 470 months. Based on that, the average length of imprisonment for 859 defendants similarly convicted was 345 months and the median length of imprisonment imposed was 360 months.

**Fine, Community Restitution, Special Assessment**

Brandon Farley was arrested in the related state case (Harlan District 18-F-00101) on March 1, 2018. He was also arrested on March 6, 2018 in a second related state case (Harlan District 18-F-00110). He posted bond on March 18, 2018, but he has been continuously incarcerated since May 3, 2018, when an indictment warrant was served (Harlan Circuit 18-CR-00025). As a result, he has not been employed for over seven years and he is facing a significant period of incarceration. He is truly indigent and unable to pay any fine or additional mandatory special assessment.

Mr. Farley recognizes that restitution is mandatory under 18 U.S.C. §2259. However, a notice for restitution has not been filed in the record, and the undersigned has not received any materials from the United States that is necessary to substantiate any requested restitution request.

**Other Considerations**

Brandon Farley does not intend to call any witnesses at his sentencing hearing. He does request to be designated at a facility suitable for a population of sex offenders and for which he qualifies nearest to his Harlan County, Kentucky residence. He would like to participate in any educational and vocational training for which he qualifies.

He also requests the following language in his judgment:

"The Court intends for the defendant's sentence to commence no later than the date of federal sentencing. The Court intends for this sentence to run concurrently with any sentence that may be imposed in the pending related state matter, Harlan Circuit Case 18-CR-00025. The Court intends for the defendant to receive any credit due for any time served in the related state matter (Harlan Circuit Case 18-CR-00025, 18-F-00101, and 18-F-00110), if and consistent with § 3585. The Court recognizes that §3585 properly will govern assignment of credit, if any, for previous time in custody."

## **CONCLUSION**

Defendant Farley argues that a downward variance to a sentence of 360 months imprisonment, to be followed by a lengthy period of supervised release, is sufficient but not greater than necessary to meet the purposes enumerated in 18 U.S.C. § 3553(a). Those purposes will be discussed by the undersigned in greater detail at sentencing.

Respectfully Submitted,

LOVE LAW FIRM, PLLC
1374 Hwy 192 E., Suite 19
Post Office Box 3105
London, Kentucky 40743
TELEPHONE: (606) 877-5683
FAX: (606) 729-0854
info@christylovelaw.com

s/*Christy J. Love*
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 3, 2026, the foregoing Sentencing Memorandum was filed electronically with the Clerk of the Court by using CM/ECF System which will send notice of filing to all counsel of record.

s/*Christy J. Love, Esq.*
Attorney for Defendant